UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LEGUANZA GEE,

      Petitioner,

v.                                      Case No. 3:21-cv-327-MMH-LLL

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

      Respondents.

## ORDER

### I. Status

Petitioner Leguanza Gee, an inmate of the Florida penal system, initiated this action in the Court's Tampa Division on March 14, 2021,[1] by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Petition; Doc. 1).[2] The assigned judge transferred the action to the Jacksonville Division on March 24, 2021. See Order (Doc. 3). In the Petition, Gee challenges a 2013 state court (Columbia County, Florida) judgment of conviction for carjacking while armed. He raises eight grounds for relief. See Petition at 5-14. Respondents have submitted a memorandum in opposition to the Petition,

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (mailbox rule).
[2] For purposes of reference to pleadings and exhibits, the Court will cite the document page numbers assigned by the Court's electronic docketing system.

arguing that the action is untimely. See Motion to Dismiss Petition for Writ of Habeas Corpus (Response; Doc. 11). They also submitted exhibits. See Docs. 11-1 through 11-6. Gee did not file a brief in reply, and briefing closed on April 14, 2022. See Order (Doc. 12). This action is ripe for review.

## II. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on petitions for writ of habeas corpus. Specifically, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme

>> Court and made retroactively applicable to cases on collateral review; or
>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### III. Analysis

Respondents contend that Gee has not complied with the one-year period of limitations set forth in 28 U.S.C. § 2244(d). Response at 2. The following procedural history is relevant to the one-year limitations issue. On September 7, 2012, the State of Florida charged Gee by indictment with first-degree murder (count one), armed robbery (counts two and three), trafficking in cocaine (count four), aggravated battery (count five), carjacking while armed (count seven), and possession of a firearm by a convicted felon (count eight).[3] Doc. 11-1 at 15-18. Before jury selection, the State and Gee stipulated that he

---

[3] Count six of the indictment charged only Gee's codefendant.

would proceed to a trial only on counts four and seven. Id. at 45-49. On August 29, 2013, a jury found Gee guilty of count seven and not guilty of count four. Id. at 25-26. The State subsequently nolle prossed counts one, two, three, five, and eight. Id. at 38-39. On October 2, 2013, the circuit court adjudicated Gee to be a habitual felony offender (HFO) and prison releasee reoffender (PRR) and sentenced him to a term of life imprisonment. Id. at 31-35. Gee filed a motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), arguing that Florida law prohibited the imposition of both HFO and PRR designations and challenging the validity of his PRR minimum mandatory sentence. Doc. 11-4 at 2-7. The State responded. Id. at 9-12. On February 25, 2014, the circuit court granted in part and denied in part Gee's Rule 3.800(b)(2) motion and struck his HFO designation. Id. at 14-16, 18.

Gee pursued a direct appeal, and on September 4, 2014, the First District Court of Appeal (First DCA) issued the following per curiam opinion: "AFFIRMED. See Williams v. State, 39 Fla. L. Weekly D1336 (Fla. 1st DCA June 25, 2014)."[4] Id. at 55. The First DCA issued the mandate on September

---

[4] In Williams v. State, 143 So. 3d 423, 424 (Fla. 1st DCA 2014), the First DCA determined that Alleyne v. United States, 570 U.S. 99 (2013), did not require a jury to make the PRR factual determination—whether the defendant committed the charged offense within three years of release from prison.

22, 2014. Id. at 57. The following day, on September 23, 2014, Gee, through counsel, filed a notice seeking to invoke the discretionary jurisdiction of the Florida Supreme Court. Id. at 59-60. In the notice, Gee asserted that the First DCA's opinion cited Williams, in which a notice seeking to invoke the discretionary jurisdiction of the Florida Supreme Court was pending. Id. On September 29, 2014, the Florida Supreme Court sua sponte stayed the case "pending disposition of Williams v. State, Case No. SC14-1773, which is pending in this Court." Id. at 62. Following its denial of review in Williams, the Florida Supreme Court ordered Gee to show cause why it should not decline to accept jurisdiction in his case. Id. at 64. Gee responded, id. at 66, and on January 30, 2015, the Florida Supreme Court denied discretionary review, stating:

> Upon review of the response to this Court's order to show cause dated December 16, 2014, the Court has determined that it should decline to accept jurisdiction in this case. The petition for discretionary review is, therefore, denied.
>
> No motion for rehearing will be entertained by the Court. See Fla. R. App. P. 9.330(d)(2).

Id. at 68.

Respondents contend that Gee's conviction and sentence became final on Wednesday, December 3, 2014, ninety days after the First DCA issued its

5

opinion on September 4, 2014. Response at 13. Under section 2244(d)(1)(A), a state court judgment becomes final at "the conclusion of direct review or the expiration of time for seeking such review." To determine when a direct review has ended, federal habeas courts "must look to the actions taken by the state court and the relevant state law." Chamblee v. Florida, 905 F.3d 1192, 1196 (11th Cir. 2018) (citation omitted). In habeas proceedings, federal courts "are bound by a state court's interpretation of its own laws and procedures." Id. (citation omitted).

For the Florida Supreme Court to have subject-matter jurisdiction over a district court opinion containing only a citation to other authority, the citation must be to a case "pending" before the court or to a case reversed on appeal or review, or receded from by the court, or the citation must explicitly note the contrary holding of the court. Florida Star v. B.J.F., 530 So. 2d 286, 288 n.3 (Fla. 1988) (citing Jollie v. State, 405 So. 2d 418, 420 (Fla. 1981)); Gandy v. State, 846 So. 2d 1141, 1143-44 (Fla. 2003); see also Persaud v. State, 838 So. 2d 529, 531-32 (Fla. 2003) (recognizing that the Florida Supreme Court does not have jurisdiction to review per curiam decisions of the appellate courts that merely affirm with citations to cases not pending review). Authority that is pending review "refers to a case in which the petition for jurisdictional

6

review has been granted and the case is pending for disposition on the merits." Harrison v. Hyster Co., 515 So. 2d 1279, 1280 (Fla. 1987).

Here, the Florida Supreme Court did not have subject-matter jurisdiction over Gee's appeal. The First DCA opinion constituted a "mere citation" per curiam affirmance and failed to expressly address a question of law. See Jollie, 405 So. 2d at 421. It did not cite to a case "pending review" because the Florida Supreme Court never granted the petition for discretionary review in Williams. See Williams, SC14-1773. Further, in the absence of subject-matter jurisdiction, the Florida Supreme Court's assignment of a case number to Gee's petition and the sua sponte stay had no effect on the finality of Gee's direct appeal. See, e.g., Beaty v. State, 701 So. 2d 856, 857 (Fla. 1997) (finding that when the district court of appeal issues an opinion without citation to a case or cases that are pending review, the time to file a rule 3.850 motion is not affected by a discretionary review petition, regardless of the effect of petitioner's notice requesting review or the timeliness thereof).

Because the Florida Supreme Court did not have jurisdiction over Gee's notice, his judgment and sentence became final when the ninety-day period in which to file a petition for certiorari in the United States Supreme Court

7

expired. The time for Gee to file a petition for writ of certiorari expired on Wednesday, December 3, 2014 (ninety days after September 4, 2014). See Chavers v. Sec'y, Fla. Dep't of Corr., 468 F.3d 1273, 1275 (11th Cir. 2006) (affording the 90-day grace period to a Florida petitioner whose conviction was affirmed by a court of appeal in an unelaborated per curiam decision). Accordingly, Gee had until December 3, 2015, to file a federal habeas petition. He did not file his Petition until March 14, 2021. Therefore, the Petition is due to be dismissed as untimely unless he can avail himself of the statutory provisions which extend or toll the limitations period.

On December 8, 2015, Gee filed a petition for writ of habeas corpus, alleging ineffective assistance of appellate counsel. Doc. 11-4 at 74-84. With the one-year limitations period having expired on December 3, 2015, Gee's petition could not toll the limitations period because there was no period remaining to be tolled. See Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) (stating that a postconviction motion filed after the AEDPA limitations period has expired cannot "toll that deadline because, once a deadline has expired, there is nothing left to toll"). Given the record, Gee's Petition is untimely filed, and due to be dismissed.

Moreover, even assuming the Florida Supreme Court had jurisdiction over Gee's notice to invoke its discretionary jurisdiction, the Petition is still untimely filed. The Florida Supreme Court declined to exercise jurisdiction on January 30, 2015. Doc. 11-4 at 68. Therefore, the time for Gee to file a petition for writ of certiorari would have expired on Thursday, April 30, 2015 (ninety days after January 30, 2015), and his judgment and sentence became final on that date. The one-year limitations period would have begun to run on May 1, 2015, and continued to run for 221 days until December 8, 2015, when Gee filed his petition for writ of habeas corpus, alleging ineffective assistance of appellate counsel. Id. at 74-84. On January 21, 2016, the First DCA denied the petition on the merits. Id. at 114. The one-year limitations period would have begun to run on February 6, 2016,[5] and continued to run for 132 days until June 17, 2016, when Gee filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Doc. 11-5 at 5-36. The circuit court denied relief on January 23, 2020. Id. at 130-44. On January 26, 2021, the First DCA per curiam affirmed the denial of relief without issuing a written opinion.

---

[5] The Court accounts for the fifteen-day period during which Gee could have filed a motion for rehearing. See Fla. R. App. P. 9.330(a).

Doc. 11-6 at 86. The mandate issued on February 23, 2021.[6] Id. at 88. The one-year limitations period would have begun to run the next day, February 24, 2021, and expired 13 days later on Monday, March 8, 2021.[7] Gee did not file the instant Petition until March 14, 2021. Therefore, even if Gee's notice to invoke the discretionary jurisdiction of the Florida Supreme Court delayed the finality of his judgment and sentence, the Petition would be untimely filed. Gee makes no argument that equitable tolling should apply. As such, the Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

## IV. Certificate of Appealability
## Pursuant to 28 U.S.C. § 2253(c)(1)

If Gee seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. The Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Gee "must demonstrate that reasonable jurists

---

[6] Gee filed a motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a) on August 16, 2018. Doc. 11-6 at 90-94. The circuit court denied the Rule 3.800(a) motion on January 23, 2020. Id. at 100-02. Gee did not pursue an appeal. Filed and resolved during the Rule 3.850 proceedings, Gee's Rule 3.800(a) motion had no effect on the one-year limitations period.

[7] The one-year limitations period ended on Sunday, March 7, 2021; therefore, the period continued to run until Monday, March 8, 2021. See Fed. R. Civ. P. 6(a)(1)(C).

would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, the Court will deny a certificate of appealability.

11

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. Respondents' request to dismiss (Doc. 11) the case as untimely is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment dismissing this case with prejudice.

3. If Gee appeals the dismissal of the case, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4. The Clerk of the Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 30th day of October, 2023.

MARCIA MORALES HOWARD
United States District Judge

Jax-9 10/26
c:     Leguanza Gee, #W11606
       Counsel of record

13